IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN D. KRIZAN,

                Plaintiff,

v.

KEVIN DAVIS and DONNA PITTMAN,

                Defendants.

OPINION and ORDER

23-cv-278-jdp

---

    Plaintiff Justin Krizan, appearing without counsel, alleges that when he was detained at the St. Croix County Jail, medical staff failed to properly treat his hearing problems and injured hand. Krizan has not adequately responded to defendants' repeated attempts at obtaining discovery from him. Defendants move to dismiss the case for Krizan's failure to prosecute it. Dkt. 40. I will grant that motion and dismiss the case with prejudice.

BACKGROUND

    In September 2023, defendants filed a motion to compel discovery, stating that Krizan had not responded to their interrogatories, requests for production of documents, or follow-up letter. Dkt. 16. Krizan responded by stating that the court had been sending him orders at the incorrect address, providing a new mailing address, and stating that he would mail defendants the discovery they sought "ASAP." Dkt. 20. His mother also communicated with the clerk's office about problems with him receiving mail due to address changes and a stint in jail.

    In November 2023, defendants moved to dismiss the case for Krizan's failure to prosecute it, stating that Krizan had still not responded to their discovery requests or otherwise squarely responded to their motion to compel. Dkt. 21. Krizan didn't immediately file a

substantive response to the motion, instead filing another notice that his address had changed and stating that he'd submit the requested discovery "in the following weeks." Dkt. 24. The court gave him an extension of time to file a response to the motion to compel. Dkt. 27. Krizan responded that defendants had sent their motion to compel and motion to dismiss the wrong address and that he authorized release of certain records that defendants had sought. Dkt. 28 and Dkt. 30. Defendants didn't file a reply, so the court considered defendants' motions withdrawn. Dkt. 33. In subsequent filings defendants state that they have not received a signed authorization form from Krizan.

In March 2024, defendants filed a renewed motion to compel discovery, stating that Krizan had not responded to their renewed discovery requests. Dkt. 34. Krizan responded by apologizing for the delay and noting that defendants initially mailed their requests to the wrong address. Dkt. 37. The court granted defendants' motion to compel, stating that Krizan had known about the discovery requests for several months without responding. The court gave Krizan a deadline to file his discovery responses or the court would consider dismissing the case for his failure to prosecute it. Dkt. 38.

In May 2024, defendants filed the motion currently before the court, seeking dismissal of the case for Krizan's failure to prosecute it. Dkt. 40. Defendants attach Krizan's February 2024 response to their most recent motion to compel, in which he stated that he was preparing interrogatory responses for defendants' receipt "hopefully this week still or early next week." Dkt. 41-2, at 1. Defendants say that they had still not received Krizan's responses by the date of their motion to dismiss, three months after Krizan's letter.

Krizan filed two responses to defendants' motion to dismiss. Dkt. 42 and Dkt. 43. In the first response, dated June 1, Krizan asks to extend his deadline to respond to defendants'

2

discovery requests, stating that the clerk's office told him "that the trial date wasn't until September and not to worry" and that his short-term incarceration was impeding his progress. Dkt. 42. In his second response, dated June 2, Krizan states that when he drafted his first response he was unaware that in mid-May family members mailed to defendants the discovery they sought. He asks for another chance to send defendants those materials if they did not receive them. In reply, defendants state that they have not received the discovery materials that Krizan state that his family sent them.

ANALYSIS

Defendants contend that the case should be dismissed under Federal Rule of Civil Procedure 41(b), stating that "[i]t is now clear that [Krizan] has no intention of participating in this litigation in good faith." Dkt. 40, at 4. Dismissal with prejudice under Rule 41(b) for failure to prosecute is appropriate only in extreme circumstances. *See Palmer v. City of Decatur*, 814 F.2d 426, 428 (7th Cir. 1987). But I conclude that dismissal with prejudice is appropriate here.

The court has given Krizan numerous chances over the last several months to respond to defendants' discovery requests and it explicitly warned Krizan that the case could be dismissed for his failure to prosecute it, but defendants have still not received his discovery responses. Krizan's latest assertion that his family has indeed sent his discovery responses to defendants is simply not credible given that defendants have not received the response materials supposedly sent weeks ago and Krizan's history of false statements that his compliance was imminent. Krizan has often used his incarceration or change of address as an excuse for his failure to comply with defendants' requests and this court's orders, but hundreds

3

of incarcerated people litigate lawsuits in this court every year while complying with their discovery obligations and court orders. A change of address might be grounds for a short of extension of time, but it does not justify Krizan's months-long non-compliance here. His failure to respond to defendants' discovery requests has prevented them from preparing a full and adequate defense. I will dismiss this case with prejudice for Krizan's failure to prosecute it.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for plaintiff's failure to prosecute it.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered July 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge